IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FIRST NATIONAL BANK OF PENNSYLVANIA, successor by merger to Yadkin Bank AND BANK CAPITAL SERVICES, LLC d/b/a F.N.B. Equipment Finance<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENCE LUMBER, INC. and J. RANDALL ELLER,<br><br>Defendants. | Civil Action No.: 1:20-cv-637 |

## COMPLAINT

Plaintiffs FIRST NATIONAL BANK OF PENNSYLVANIA, successor-by-merger to Yadkin Bank, and BANK CAPITAL SERVICES, LLC d/b/a F.N.B. Equipment Finance, by and through its undersigned counsel, files this Complaint against the above-captioned Defendants, and for its Complaint, respectfully alleges as follows:

### INTRODUCTION

1. This is a commercial breach of contract action relating to multiple loans made by the Plaintiffs to the Defendants. The Loans are secured by substantially all of the Defendants' business assets, comprised of real estate and personal property relating to Defendants' timber harvesting and production company known as Independence Lumber (the "Company"). The Company has property and operations in North Carolina and Virginia. Defaults have occurred under the Defendants' loan documents with the Plaintiffs, and over $17 million is due and owing and has not been repaid.

2. As set forth more fully in Plaintiffs' Emergency Motion for Consensual Appointment of a Receiver filed herewith, Plaintiffs and Defendants agree that a receiver should

also be appointed on a contractual and equitable basis. Oversight from an independent receiver is needed to preserve and protect Plaintiffs' collateral and to continue to operate the company as a going concern.

## PARTIES, JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

4. Plaintiff First National Bank of Pennsylvania, successor-by-merger to Yadkin Bank[1] ("FNB" or "Lender"), is a national banking association organized and existing under the laws of the United States of America with its main office located at One North Shore Center, 12 Federal Street, Pittsburgh, Pennsylvania. Therefore, Plaintiff is a citizen of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

5. Plaintiff Bank Capital Services LLC d/b/a F.N.B. Leasing ("Bank Capital", together with FNB, "Plaintiffs") is a wholly owned subsidiary of FNB with its main office located at One North Shore Center, 12 Federal Street, Pittsburgh, Pennsylvania. FNB is the sole member of Bank Capital. As set forth above, FNB is a resident of Pennsylvania for purposes of diversity jurisdiction.

6. Defendant Independence Lumber, Inc. ("Borrower") is a Virginia corporation having with its principal place of business at 407 Lumber Lane, Independence, Virginia 24348. Defendant also maintains a place of business at 350 Elkin Wildlife Road, Elkin, North Carolina 28621. Therefore, Defendant is a resident of the Commonwealth of Virginia or State of North

---

[1] On March 11, 2017, Yadkin Bank merged into FNB.

Carolina for purposes of diversity jurisdiction, and is not a resident of the Commonwealth of Pennsylvania.

7. Defendant J. Randall Eller ("Guarantor", together with Borrower, "Defendants") is, upon information and belief, a resident of, and domiciled in, the State of North Carolina, and is therefore is not a resident of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

8. Thus, at the time of filing this action there is complete diversity of citizenship between Plaintiffs and Defendants.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants operate their business in this District, and property that is the subject matter of this Complaint is situated in this District.

## BACKGROUND

### The Loans

#### *The Credit Agreement*

10. Defendants are indebted to the Plaintiffs in connection with multiple loan facilities which are secured by all or substantially all of the Borrower's real and personal property and certain real estate owned by the Guarantor.

11. On or about December 22, 2017, FNB and Borrower entered into that certain Amended and Restated Revolving Credit, Timber Line of Credit, Term Loan and Security Agreement ("Original Credit Agreement"), as amended by that certain First Amendment to Amended and Restated Revolving Credit, Timber Line of Credit, Term Loan and Security Agreement, dated as of December 26, 2018 ("First Amendment"), as further amended by that Second Amendment to Amended and Restated Revolving Credit, Timber Line of Credit, Term Loan and Security Agreement, dated as of May 2, 2019 ("Second Amendment"), as further

amended by that Third Amendment to Amended and Restated Revolving Credit, Timber Line of Credit, Term Loan and Security Agreement, dated as of July 18, 2019 ("Third Amendment"), as further amended by that Fourth Amendment to Amended and Restated Revolving Credit, Timber Line of Credit, Term Loan and Security Agreement, dated as of October 30, 2019 (the "Fourth Amendment"), and as further amended by that certain Forbearance Agreement and Fifth Amendment to Amended and Restated Revolving Credit, Timber Line of Credit, Term Loan and Security Agreement dated as of January 28, 2020 (the "Forbearance and Fifth Amendment" together with the Fourth Amendment, the Third Amendment, the Second Amendment, the First Amendment, and the Original Credit Agreement, as amended from time to time, the "Credit Agreement"). A true and correct copy of the Original Credit Agreement, without schedules, and the First Amendment, Second Amendment, Third Amendment, and Fourth Amendment are attached hereto as **Exhibit A**.

12. Under the terms and conditions of the Credit Agreement, FNB extended and renewed certain existing loans[2] made by Yadkin Bank to Borrower as follows: (a) a $10,000,000 revolving line of credit ("Revolving Loan"); (b) a $6,477,647.69 term loan (the "Term Loan"), and (c) a $2,000,000 timber line of credit (the "Timber Line of Credit").

13. The Revolving Loan is further evidenced by that certain Amended and Restated Revolving Credit Note in the principal amount of $10,000,000 dated as of May 2, 2019 executed by Borrower in favor of FNB (as amended, the "Revolving Credit Note"). A true and correct copy of the Revolving Credit Note is attached hereto as **Exhibit B**.

---

[2] As set forth more fully in the Credit Agreement, the Credit Agreement amended and restated, among other things, certain loans from Yadkin Bank to Borrower pursuant to (i) that certain Loan Agreement by and between Yadkin Bank, Defendants and others dated June 27, 2014, (ii) that certain Loan Agreement by and between Yadkin Bank, Defendants, and others dated June 18, 2015. See Ex. A, p. 1.

4

14. The Term Loan is further evidenced by that certain Amended and Restated Term Note in the original principal amount of $6,477,647.69 dated as of December 22, 2017 executed by Borrower in favor of FNB (as amended, the "Term Loan Note"). A true and correct copy of the Term Loan Note is attached hereto as **Exhibit C**.

15. The Timber Line of Credit is further evidenced by that certain Amended and Restated Timber Revolving Credit Note in the original principal amount of $2,000,000 dated as of December 22, 2017 and executed by Borrower in favor of FNB (as amended, the "Timber Line of Credit Note"). A true and correct copy of the Timber Line of Credit Note is attached hereto as **Exhibit D**.

16. In connection with the Credit Agreement, Guarantor executed and delivered to FNB that certain Amended and Restated Individual Guaranty Agreement dated as of December 22, 2017 pursuant to which Guarantor guaranteed all obligations of the Borrower under the Credit Agreement (as amended, the "Credit Agreement Guaranty"). A true and correct copy of the Credit Agreement Guaranty is attached hereto as **Exhibit E**.

17. In connection with the Credit Agreement, Borrower entered into certain interest rate hedging agreements with FNB (collectively, and as amended, the "SWAP").

18. As security for Borrower's obligations under the Credit Agreement, Borrower granted FNB a lien and security interest in the "Collateral", as defined more specifically in the Credit Agreement, including, among other things, all of Borrower's receivables, equipment, fixtures, intangibles, inventory, goods, personal property, investment property, intellectual property, Mortgaged Property, contract rights, payment rights and the proceeds and products of the foregoing (as defined more specifically in the Credit Agreement, the "Credit Agreement Personal Property Collateral"). *See* Credit Agreement, Art. IV. FNB perfected its security

interest in the Collateral by filing a UCC-1 financing statement with the Virginia State Corporation Commission, a true and correct copy of which is attached hereto as **Exhibit F**.

19. As further security for the Defendants' obligations under the Credit Agreement, Defendants executed and delivered certain deeds of trust (collectively, and as amended, the "Deeds of Trust") for the benefit of FNB, as successor to Yadkin Bank, conveying the Borrower's real estate in Ashe and Surry Counties in North Carolina and in Washington and Grayson Counties, Virginia (the "Real Estate Collateral") as security for Defendants' obligations to FNB.

20. For each property, Defendants executed multiple Deeds of Trust for the benefit of FNB, as successor to Yadkin. Certain[3] of the Deeds of Trust, together with the corresponding recording information, are set forth more fully below:

| County/Parcel(s) | Date of Instrument | Recording Information |
|---|---|---|
| Ashe County, NC Parcel #01365-071 and 01361-132 | 7/21/2014 | Book 451, Pg. 1827 (dated June 27, 2014), corrected at Book 452, Pg. 831, a true and correct copy of which is attached hereto as **Exhibit G**.[4] |
| Ashe County, NC Parcel #01365-071 and 01361-132 | 7/21/2014 | Book 452, Pg. 935 |
| Ashe County, NC Parcel #01365-071 and 01361-132 | 7/21/2014 | Book 419, page 162 (dated May 25, 2011) Book 452, Pg. 883 |
| Ashe County, NC Parcel #01365-071 and 01361-132 | 7/21/2014 | Book 451, page 1879 (dated June 27, 2014), corrected at Book 452, page 883 |
| Surry County, NC Parcel #496203447104 and #496203331925 | 6/27/2014 | Book 1486, Pg. 753 |

---

[3] Other Deeds of Trust may exist that are not specifically identified here. All rights with respect thereto are reserved.

[4] Due to the voluminous nature of the Deeds of Trust, Plaintiff is attaching one representative North Carolina Deed of Trust and one representative Virginia Deed of Trust to its complaint. Copies of all Deeds of Trust are public record and are incorporated herein by reference. Copies will be made available upon request.

| County/Parcel(s) | Date of Instrument | Recording Information |
|---|---|---|
| Surry County, NC Parcel #496203447104 and #496203331925 | 6/27/2014 | Book 1486, Pg. 803 |
| Surry County, NC Parcel #496203447104 and #496203331925 | 6/27/2014 | Book 1486, Pg. 853 |
| Washington County, VA Parcel # 035-5-5 | 6/27/2014 | Inst. 140002922, a true and correct copy of which is attached hereto as **Exhibit H**. |
| Washington County, VA Parcel # 035-5-5 | 6/27/2014 | Inst. 140002923 |
| Washington County, VA Parcel # 035-5-5 | 6/27/2014 | Inst. 140002924 |
| Grayson County, VA Parcel # 71-A-88 Parcel # 76-A-47 Parcel # 73A4-A-5 | 6/27/2020 | Book 574, Pg. 340 |
| Grayson County, VA Parcel # 71-A-88 Parcel # 76-A-47 Parcel # 73A4-A-5 | 6/27/2014 | Book 574, pg. 354 |
| Grayson County, VA Parcel # 71-A-88 Parcel # 76-A-47 Parcel # 73A4-A-5 | 6/27/2014 | Book 574, Pg. 367 |

21.     As further security for the Defendants' obligations to FNB, Defendants executed and delivered that certain Absolute Assignment of Lease and Rents Agreement dated as of June 27, 2014 (collectively and as amended, the "ALR"), pursuant to which all rents, revenues, and profits of the Real Estate Collateral (collectively, the "Rents") were absolutely assigned to FNB, as successor to Yadkin Bank. A true and correct copy of the ALR is attached hereto as **Exhibit I**. The ALR was recorded as follows:

| County/Parcel(s) | Date of Instrument | Recording Information |
|---|---|---|
| Ashe County, NC | 6/27/2014 | Book 451, page 1983.[5] |
| Surry County, NC | 6/27/2014 | Book 1486, Pg. 903 |
| Washington County, VA | 6/27/2014 | Inst. 140002925 |
| Grayson County, VA | 6/27/2014 | Book 574, Pg. 381 |

### *The Business Loan Agreement*

22. On or about October 7, 2016, Yadkin Bank extended a loan to Borrower in the original principal amount of $204,000 (the "Business Loan").

23. The Business Loan is evidenced by that certain Business Loan Agreement dated as of October 7, 2016 (as amended, the "Business Loan Agreement") and Promissory Note dated as of October 7, 2016 executed by Borrower in favor of the FNB (as amended, the "Business Loan Note"). A true and correct copy of the Business Loan Agreement is attached hereto as **Exhibit J.** A true and correct copy of the Business Loan Note is attached hereto as **Exhibit K**.

24. Guarantor personally guaranteed Borrower's obligations under the Business Loan Agreement and all other obligations of the Borrower to Yadkin Bank pursuant to that certain Commercial Guaranty dated October 7, 2016 (as amended, the "Business Loan Guaranty"). A true and correct copy of the Business Loan Guaranty is attached hereto as **Exhibit L**.

25. As security for repayment of the Business Loan, Borrower executed and delivered to Yadkin Bank a Commercial Security Agreement dated October 6, 2016 (as amended, the

---

[5] Copies of all ALRs are public record and are incorporated herein by reference. Copies will be made available upon request.

8

"Business Loan Security Agreement"). A true and correct copy of the Business Loan Security Agreement is attached hereto as **Exhibit M**.

26. Under the Business Loan Security Agreement, as security for repayment of the Business Loan, Borrower granted Yadkin Bank a lien and security interest in certain equipment described more fully in the Business Loan Security Agreement, including a BOLDESIGNS Dry Kiln with 7 48" fans 10HP motors, 3 West Air Vent Systems, 840 Linear Feet of steel pipe with aluminum fins for a total of 4552 square feet of fin area and walk through fan deck, together with all accessories, attachments, replacements thereof, accounts relating thereto, and proceeds thereof (collectively, and as described more fully in the Business Loan Security Agreement, the "Business Loan Collateral").

## *The Equipment Loan Obligations*

27. On or about May 4, 2016, Bank Capital Services LLC, d/b/a F.N.B. Equipment Finance and Borrower entered into that certain Commercial Transaction Loan and Security Agreement (Account #5514-EF1) (as amended, the "First Equipment Loan Agreement") pursuant to which Bank Capital agreed to finance Borrower's purchase of that certain 2017 Peerless 45' x 60' Open Top Walking Floor Trailer (S/N 1PLE04529HPA60288) (the "First Trailer") in exchange for payments set forth more fully in the First Equipment Loan Agreement. A true and correct copy of the First Equipment Loan Agreement is attached hereto as **Exhibit N**.

28. Under the First Equipment Loan Agreement, Bank Capital was granted a purchase money security interest in the First Trailer. Bank Capital perfected its interest in the First Trailer by having its name affixed to the title of the First Trailer.

29. Guarantor guaranteed Borrower's obligations under the First Equipment Loan Agreement pursuant to an Equipment Finance Guaranty (as amended, the "First Equipment Loan

Guaranty"). A true and correct copy of the First Equipment Loan Guaranty is attached hereto as **Exhibit O**.

30. On or about July 1, 2016, Bank Capital and Defendant entered into that certain Commercial Transaction Loan and Security Agreement (Account #5514-EF2) (as amended, the "Second Equipment Loan Agreement" together with the First Equipment Loan Agreement, each an "Equipment Loan Agreement" and collectively, the "Equipment Loan Agreements") pursuant to which Bank Capital agreed to finance Borrower's purchase of that certain 2017 Peerless 45' x 96' Open Top Walking Floor Trailer (S/N 1PLE04527HPB60292 (the "Second Trailer", together with the First Trailer, the "Equipment", together with the Business Loan Collateral, the Credit Agreement Personal Property Collateral, the Real Estate, and the Rents, the "Mortgaged Property") in exchange for payments set forth more fully in the Second Equipment Loan Agreement. A true and correct copy of the Second Equipment Loan Agreement is attached hereto as **Exhibit P**.

31. Under the Second Equipment Loan Agreement, Bank Capital was granted a purchase money security interest in the Second Trailer. Bank Capital perfected its interest in the Second Trailer by filing by having its name affixed to the title to the Second Trailer.

32. Guarantor guaranteed Borrower's obligations under the Second Equipment Loan Agreement pursuant to an Equipment Finance Guaranty (as amended, the "Second Equipment Loan Guaranty", together with the First Equipment Loan Guaranty, the "Equipment Loan Guaranty"). A true and correct copy of the Second Equipment Loan Guaranty is attached hereto as **Exhibit Q**.

33. Defendants' obligations under the Equipment Loans shall be referred to herein as the "Equipment Loan Obligations", and together the Business Loan, the Timber Revolving

Credit Loan, the Term Loan, the Line of Credit, and the Equipment Loan Obligations shall be referred to herein as the "Loans".

34. The Credit Agreement, Business Loan Agreement, Equipment Loan Agreements, the SWAP, and all other documents evidencing, governing or securing the Loans, shall be referred to collectively as the "Loan Documents."

35. Plaintiffs are the respective owners and holders of the Loan Documents.

### The Defaults

36. Numerous defaults have occurred and are continuing under the Loan Documents.

37. In September of 2019, FNB notified Borrower of certain Events of Default that had occurred and were continuing under the Credit Agreement pursuant to a reservation of rights letter, a true and correct copy of which is attached hereto as **Exhibit R**. Among other material Events of Default, the Borrower was in a substantial overadvance position on the Line of Credit in an amount of not less than $800,000.

38. As a result of those events described in the September 2019 reservation of rights letter, Plaintiffs and Defendants entered into the Forbearance and Fifth Amendment to the Credit Agreement, a copy of which is attached hereto as **Exhibit S**.

39. Under the Forbearance and Fifth Amendment, Plaintiffs agreed to forbear from exercising rights and remedies as a result of the "Existing Defaults" (as defined therein) during the Forbearance Period (as defined therein). In turn, Defendants were required, among other things, to (a) deliver certain new deeds of trust and guaranties to Lender as security for Borrower's obligations under the Loan Documents; and (b) cause FNB's liens on certain Company vehicles and equipment be identified on certificates of title for those units. See, Ex. S, §§ 3, 5.

40.     Borrower failed to comply with these terms and conditions of the Forbearance and Fifth Amendment and is in default thereunder.  Moreover, the Forbearance Period expired by its terms on June 30, 2020.

41.     Plaintiffs notified Defendants of the expiration of the Forbearance Period and the occurrence of the additional forbearance defaults by letter dated July 1, 2020, a true and correct copy of which is attached hereto as **Exhibit T**.

42.     As a result of the foregoing, cross-defaults have occurred and are continuing under the SWAP, the Business Loan Agreement, and the Equipment Loan Agreements.  By filing of this Complaint, the balances of the Loans have now been accelerated.

43.     As of July 6, 2020, the following principal amounts are due and owing under the Loans, exclusive of default interest, fees, charges, recoverable expenses, contingent letter of credit obligations, and associated SWAP termination expenses and costs:

|  | Principal | Interest | Late Fees | Prepayment Fee | Total |
|---|---|---|---|---|---|
| Revolving Loan | $9,787,651.13 | $6,070.78 | $2,425.18 | - | **$9,796,147.09** |
| Term Loan | $5,577,974.44 | $2,456.64 | $0.00 | - | **$5,580,431.08** |
| Timber Line of Credit | $1,939,672.12 | $1,212.29 | $2,525.34 | - | **$1,943,409.75** |
| Business Loan | $75,158.62 | $348.10 | $627.20 | - | **$76,133.92** |
| First Equipment Loan | $12,792.64 | $148.50 | $819.84 | - | **$13,760.98** |
| Second Equipment Loan | $14,779.34 | $171.56 | $1,383.48 | $147.79 | **$16,482.17** |
|  |  |  |  | **Total:** | **$17,426,364.99** |

44.     Interest is accruing on the Loan at the default rates set forth in the respective Loan Documents.

45.     Under the Loan Documents, Plaintiff is entitled to recover its legal expenses incurred in connection with exercising its rights and remedies under the Loan Documents.

46. To the extent any of the Loans are subject to North Carolina law, Plaintiffs hereby give Defendants notice, pursuant to N.C. Gen. Stat § 6-21.2, that Defendants may pay the entire amount of the principal balance due on the Loans, plus accrued interest and fees, within five (5) days from the date of service of this Complaint, and thereby avoid Defendants' obligation to pay Plaintiffs' attorneys' fees and costs related to bringing this action. If Defendants do not pay the full balance due to Plaintiffs pursuant to the Loans within five (5) days from the date of service of this Complaint, Plaintiffs will enforce their respective rights to collect their attorneys' fees from Defendants in the maximum amount allowed by law.

47. As of the date hereof, the Loans remain unpaid.

### FIRST CAUSE OF ACTION: MONEY JUDGMENT
*FNB v. Borrower*
**(CREDIT AGREEMENT)**

48. Plaintiff repeats and realleges all prior allegations.

49. The Credit Agreement and related Loan Documents are valid and enforceable.

50. Defendant is in breach of the Credit Agreement and related Loan Documents.

51. The balance under the Credit Agreement and related Loan Documents is due and owing in full.

52. FNB is entitled to a money judgment against the Borrower in the amount due and owing under the Credit Agreement as set forth above plus interest, default interest, recoverable fees and costs, including attorneys' fees, contingent letter of credit obligations, SWAP breakage, and all other amounts due and owing under the Credit Agreement and related Loan Documents.

### SECOND CAUSE OF ACTION: MONEY JUDGMENT
*FNB v. Borrower*
**(BUSINESS LOAN AGREEMENT)**

53. Plaintiff repeats and realleges all prior allegations.

54. The Business Loan Agreement and related Loan Documents are valid and enforceable.

55. Defendant is in breach of the Business Loan Agreement and related Loan Documents.

56. The balance under the Business Loan Agreement and related Loan Documents is due and owing in full.

57. FNB is entitled to a money judgment against the Borrower in the amount due and owing under the Business Loan Agreement and related Loan Documents as set forth above, plus interest, default interest, recoverable fees and costs, including attorneys' fees, and all other amounts due and owing under the Business Loan Agreement and related Loan Documents.

### THIRD CAUSE OF ACTION: MONEY JUDGMENT
*Bank Capital v. Borrower*
**(EQUIPMENT LOAN AGREEMENTS)**

58. Plaintiff repeats and realleges all prior allegations.

59. The Equipment Loan Agreements and related Loan Documents are valid and enforceable.

60. Defendant is in breach of the Equipment Loan Agreements and related Loan Documents.

61. The balance under the Equipment Loan Agreements and related Loan Documents is due and owing in full.

62. Bank Capital is entitled to a money judgment against the Borrower in the amount due and owing under the Equipment Loan Agreements and related Loan Documents in the amounts set forth above, plus interest, default interest, recoverable fees and costs, including

attorneys' fees, and all other amounts due and owing under the Equipment Loan Agreements and related Loan Documents.

### FOURTH CAUSE OF ACTION: MONEY JUDGMENT
*FNB v. Guarantor*
**(CREDIT AGREEMENT GUARANTY)**

63. Plaintiff repeats and realleges all prior allegations.

64. The Credit Agreement Guaranty and related Loan Documents are valid and enforceable.

65. Guarantor is in breach of the Credit Agreement Guaranty and related Loan Documents.

66. The balance under the Credit Agreement Guaranty and related Loan Documents is due and owing in full.

67. FNB is entitled to a money judgment against the Guarantor in the amount due and owing under the Credit Agreement Guaranty and related Loan Documents in the amount set forth above, plus interest, default interest, recoverable fees and costs, including attorneys' fees, contingent letter of credit obligations, SWAP breakage, and all other amounts due and owing under the Credit Agreement Guaranty and related Loan Documents.

### FIFTH CAUSE OF ACTION: MONEY JUDGMENT
*FNB v. Guarantor*
**(BUSINESS LOAN GUARANTY)**

68. Plaintiff repeats and realleges all prior allegations.

69. The Business Loan Guaranty and related Loan Documents are valid and enforceable.

70. Defendants are in breach of the Business Loan Guaranty and related Loan Documents.

71. The balance under the Business Loan Guaranty and related Loan Documents is due and owing in full.

72. FNB is entitled to a money judgment against the Guarantor in the amount due and owing under the Business Loan Guaranty and related Loan Documents in the amount set forth above, plus interest, default interest, recoverable fees and costs, including attorneys' fees, and all other amounts due and owing under the Business Loan Guaranty and related Loan Documents.

### SIXTTH CAUSE OF ACTION: MONEY JUDGMENT
*Bank Capital v. Guarantor*
**(EQUIPMENT LOAN GUARANTY)**

73. Plaintiff repeats and realleges all prior allegations.

74. The Equipment Loan Guaranty and related Loan Documents are valid and enforceable.

75. Defendants are in breach of the Equipment Loan Guaranty and related Loan Documents.

76. The balance under the Equipment Loan Guaranty and related Loan Documents is due and owing in full.

77. Bank Capital is entitled to a money judgment against the Guarantor in the amount due and owing under the Equipment Loan Guaranty and related Loan Documents in the amount set forth above, plus interest, default interest, recoverable fees and costs, including attorneys' fees, and all other amounts due and owing under the Equipment Loan Guaranty and related Loan Documents.

### SEVENTH CAUSE OF ACTION: APPOINTMENT OF A RECIEVER
*FNB v. Defendants*

78. Plaintiff repeats and realleges all prior allegations.

79. The Loan Documents are valid and enforceable.

80. As set forth above, Defendants are in breach under the Loan Documents.

81. A receiver should be appointed for the Borrower and the Mortgaged Property to operate, manage, and maintain the Borrower's business operations as a going concern and maximize the value of Borrower's property and the Mortgaged Property for the benefit of the Plaintiffs pending foreclosure or sale.

82. As set forth more fully in Plaintiffs' Emergency Motion for Consensual Appointment of a Receiver and supporting filings submitted therewith, the appointment of a receiver for Borrower and the Mortgaged Property is appropriate based on the Borrower's consent (both in recent discussions and in the Loan Documents) and based on the equitable circumstances of this case.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

    A. Upon the First Cause of Action, a money judgment in favor of FNB and against Borrower in the amount due and owing under the Credit Agreement in the amount of $17,319,987.92 as of July 6, 2020, together with interest at the default rate(s) under the Credit Agreement, late charges, outstanding letter of credit obligations, SWAP breakage, fees, costs, attorneys' fees, and other amounts as may be recovered under the Loan Documents, plus interest at the default rate after the date of judgment.

    B. Upon the Second Cause of Action, a money judgment in favor of FNB and against Borrower in the amount due and owing under the Business Loan Agreement in the amount of $76,133.92 as of July 6, 2020, together with

        interest at the default rate under the Business Loan Agreement, late charges, fees, costs, attorneys' fees, and other amounts as may be recovered under the Loan Documents, plus interest at the default rate after the date of judgment.

C. Upon the Third Cause of Action, a money judgment in favor of Bank Capital and against Borrower the amount due and owing under the Equipment Loan Agreements in the amount of $30,243.15 as of July 6, 2020, together with interest at the default rate under the Equipment Loan Agreements, late charges, fees, costs, attorneys' fees, and other amounts as may be recovered under the Loan Documents, plus interest at the default rate after the date of judgment.

D. Upon the Fourth Cause of Action, a money judgment in favor of FNB and against Guarantor in the amount due and owing under the Credit Agreement Guaranty in the amount of $17,319,987.92 as of July 6, 2020, together with interest at the default rate under the Credit Agreement, late charges, SWAP breakage, fees, costs, attorneys' fees, and other amounts as may be recovered under the Loan Documents, plus interest at the default rate after the date of judgment.

E. Upon the Fifth Cause of Action, a money judgment in favor of FNB and against Guarantor in the amount due and owing under the Business Loan Guaranty in the amount of $76,133.92 as of July 6, 2020, together with interest at the default rate under the Business Loan Agreement, late charges, fees, costs, attorneys' fees, and other amounts as may be

18

   recovered under the Loan Documents, plus interest at the default rate after the date of judgment.

F. Upon the Sixth Cause of Action, a money judgment in favor of Bank Capital and against Guarantor the amount due and owing under the Equipment Loan Guaranty in the amount of $30,243.15 as of July 6, 2020, together with interest at the default rate under the Equipment Loan Agreement, late charges, fees, costs, attorneys' fees, and other amounts as may be recovered under the Loan Documents, plus interest at the default rate after the date of judgment.

G. Upon the Seventh Cause of Action, the appointment of a receiver over the Borrower, the Property and all rents related thereto.

H. Other and further appropriate relief.

Dated: July 10, 2020   Respectfully submitted,

/s/ Lisa P. Sumner
Lisa P. Sumner
NC State Bar No. 22838
NEXSEN PRUET PLLC
4141 Parklake Avenue, Suite 200
Raleigh, NC 27612
Tel: (919) 573-7423
Fax: (919) 573-7454
lsumner@nexsenpruet.com

and

Christopher P. Schueller
Timothy P. Palmer
Kelly M. Neal
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: (412) 562-8800

19

Fax: (412) 562-1041
christopher.schueller@bipc.com
timothy.palmer@bipc.com
kelly.neal@bipc.com

*Counsel for Plaintiffs First National Bank of Pennsylvania and Bank Capital Services, LLC*